## MYERS v. MORGAN.

(Circuit Court of Appeals, Eighth Circuit. June 22, 1915.)

No. 4362.

1. CRIMINAL LAW ☞1216—TRIAL—PUNISHMENT—JURISDICTION OF COURT.

Accused, under an indictment charging two offenses, was convicted of violating the Mann Act (Act June 25, 1910, c. 395, 36 Stat. 825 [Comp. St. 1913, §§ 8812–8819]), and sentenced to imprisonment for ten years. The maximum punishment provided in the act for one offense is five years. Nothing appeared to show that the offenses were continuous in their nature. *Held* that, under the circumstances, the court did not exceed its jurisdiction in sentencing petitioner for ten years, for one sentence may be imposed on a conviction for two or more offenses, where the sentence is not in excess of the maximum allowed by law for all of the offenses of which accused has been convicted.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3310–3319; Dec. Dig. ☞1216.]

2. CRIMINAL LAW ☞995—PUNISHMENT—SENTENCE—SUFFICIENCY.

Under Code of Law D. C. 1901, § 925, declaring that, whenever the punishment shall be imprisonment for more than one year, it shall be sufficient for the court to sentence defendant to imprisonment in the penitentiary without selecting the penitentiary, and the imprisonment shall be in such penitentiary as the Attorney General shall from time to time designate, a sentence which did not specify the penitentiary is warranted.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2518, 2521, 2523–2526, 2528½, 2530, 2536–2543; Dec. Dig. ☞995.]

3. CRIMINAL LAW ☞1178—APPEAL—WAIVER OF ERRORS.

A contention on appeal, unsupported by citation of authority or argument, oral or written, may be considered waived.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3011–3013; Dec. Dig. ☞1178.]

Appeal from the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Petition by Edward E. Myers for a writ of habeas corpus against Thomas W. Morgan. From a judgment denying the writ, petitioner appeals. Affirmed.

Turner W. Bell, of Leavenworth, Kan., for appellant.

L. S. Harvey, Asst. U. S. Atty., of Kansas City, Kan. (Fred Robertson, U. S. Atty., and Francis M. Brady, Asst. U. S. Atty., both of Topeka, Kan., on the brief), for appellee.

Before SANBORN and CARLAND, Circuit Judges, and TRIEBER, District Judge.

TRIEBER, District Judge. This is a petition for a writ of habeas corpus to release the petitioner from imprisonment in the United States penitentiary at Leavenworth, Kan. The petition having been denied, this appeal is prosecuted.

[1] There are two grounds upon which the appellant relies: (1) That the sentence is beyond the maximum prescribed by the statute, and is therefore a nullity; (2) that the sentence of the court fails to specify the place of confinement.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The defendant was indicted in the Supreme Court for the District of Columbia for a violation of the Mann Act, commonly called the "White Slave Act." Act June 25, 1910, c. 395, 36 Stat. 825. There were two counts in the indictment, charging the defendant with having induced and coerced a woman named Rose M. Keefer to go from one place to another in interstate commerce; that is to say, from the city of·York, in the state of Pennsylvania, to the city of Washington, in the District of Columbia, for the purpose of engaging in the practice of prostitution and debauchery in the said city of Washington. The same woman is referred to in both counts. Having been found guilty by the verdict of a jury on both counts, the sentence of the court was:

"That for his offense the said defendant be imprisoned in the penitentiary (as designated by the Attorney General of the United States) for the period of ten years, to take effect from and including this date."

The maximum punishment provided in the act for one offense is five years' confinement. In pursuance of the designation made by the Attorney General of the United States, the defendant was incarcerated in the United States penitentiary at Leavenworth, Kan. It is now claimed that, appellant having served the full period of the maximum punishment provided for one offense, less the commutation allowed by law for good behavior, he is now entitled to his discharge.

The principal case upon which counsel for appellant relies is In re Snow, 120 U. S. 274, 7 Sup. Ct. 556, 30 L. Ed. 658; but in our opinion that case is inapplicable to the issues in this case. The indictment there charged, in several counts, illegal cohabitation with more than one woman, in violation of section 3 of the act of Congress of March 22, 1882 (22 Stat. 31, c. 47), and it was held, as that was a continuing offense, the different counts only charged one offense, and for that reason the court was without jurisdiction to impose a punishment in excess of the maximum provided by the statute for one offense. The court there said:

"A distinction is laid down in adjudged cases, and by text-writers, between an offense continuous in its character, like the one at bar, and a case where the statute is aimed at an offense that can be committed uno actu." 120 U. S. 286, 7 Sup. Ct. 562 (30 L. Ed. 658).

See Ebeling v. Morgan, 237 U. S. 625, 35 Sup. Ct. 710, 59 L. Ed. ——.

In the instant case the defendant was· charged with, and convicted of, two separate offenses committed more than six months apart. So far as the record in this case shows, we are unable to know whether at the trial it was not shown that the woman, after having been taken to Washington the first time for the purpose of prostitution, did not escape from the house of prostitution, and then, six months later, was again transported by the defendant for the same purpose. The first count in the indictment charges the offense to have been committed in July, 1911, and the second count charges the offense to have been committed in January, 1912. As the record does not show the facts upon which he was convicted on the two counts, and this being a collateral proceeding, we are only concerned with the question whether the court which imposed the sentence on the petitioner had jurisdiction, and whether it acted in excess of its jurisdiction. The record shows that

the court had jurisdiction, and in our opinion the court did not act in excess of its jurisdiction in imposing a sentence of ten years in one judgment for two distinct offenses. That the court may impose one sentence on a conviction for two or more offenses, provided the sentence is not in excess of the maximum allowed by law for all the offenses of which the defendant has been found guilty, has been determined in Re Henry, 123 U. S. 372, 8 Sup. Ct. 142, 31 L. Ed. 174, In re De Bara, 179 U. S. 316, 321, 21 Sup. Ct. 110, 45 L. Ed. 207, Hyde v. United States, 198 Fed. 610, 119 C. C. A. 493, decided by this court, and Howard v. Moyer (D. C.) 206 Fed. 555.

In United States v. Peeke, 153 Fed. 166, 82 C. C. A. 340, a different conclusion was reached, but in view of the rulings in the cases above cited we are unable to follow that decision.

[2, 3] As to the second proposition, the appellant was tried under the Code of Law for the District of Columbia. Section 925 provides:

"Whenever the punishment shall be imprisonment for more than one year, it shall be sufficient for the court to sentence the defendant to imprisonment in the penitentiary without specifying the particular prison, and the imprisonment shall be in such penitentiary as the Attorney General shall from time to time designate."

On May 13, 1912, before the appellant was removed from the District of Columbia to a penitentiary, the Attorney General, by proper order, designated the United States penitentiary at Leavenworth, Kan., as the place of confinement of prisoners convicted in the District of Columbia whose sentences were for more than two years.

Counsel for petitioner fails to cite any authorities to the effect that this designation by the Attorney General is void for any reason. In fact, neither in his brief nor in the oral argument before us did he refer to that contention. We would therefore be justified in treating it as abandoned; but, in view of the fact that the liberty of a person is involved, we have carefully considered the question, and are of the opinion that the Attorney General was duly authorized to designate the prison where a defendant is sentenced in the courts of the District of Columbia to imprisonment exceeding one year, and that his designation in this case was in proper form.

The judgment is affirmed.