BRINKMAN v. MORGAN, Warden.

(Circuit Court of Appeals, Eighth Circuit. October 28, 1918.)

No. 5114.

CRIMINAL LAW ⬅➡1216(2)—SENTENCE—SUFFICIENCY—"CONCURRENTLY."

Where petitioner pleaded guilty to an indictment charging eight forgeries of postal money orders, and under Criminal Code, § 218 (Comp. St. 1916, § 10388), he might have been sentenced to cumulative imprisonment for 5 years for each offense, a sentence to 10 years' imprisonment, to run concurrently on all counts, is valid, and cannot be treated as a sen-

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tence for 5 years, because of the word "concurrently," as that means in unity, and may be treated as providing the imprisonment should run on all the counts in the aggregate.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Concurrently.]

Appeal from the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Petition for a writ of habeas corpus by August Brinkman against Thomas M. Morgan, Warden of the United States Penitentiary at Leavenworth, Kan. From an order denying his discharge, petitioner appeals. Affirmed.

August Brinkman, of St. Louis, Mo., pro se.

Fred Robertson, U. S. Atty., and L. S. Harvey, Asst. U. S. Atty., both of Kansas City, Kan., for appellee.

Before HOOK and STONE, Circuit Judges, and MUNGER, District Judge.

HOOK, Circuit Judge. This is an appeal from an order in habeas corpus denying the discharge of Brinkman, the appellant, from imprisonment in the United States penitentiary at Leavenworth, Kan. He was indicted in eight counts for that number of separate offenses by forging and uttering postal money orders. He pleaded guilty and was sentenced to imprisonment in the penal institution mentioned for 10 years, commencing on a day specified "and to run concurrently on all counts of the indictment." He contends that the words above quoted from the sentence either make it one of imprisonment for 5 years, which with credit for good conduct he claims to have served, or that they are without sense and render the sentence wholly void.

Under the statute applying to his case the appellant might have been sentenced to cumulative imprisonment for 5 years on each count, a total of 40 years. Section 218, c. 8, Criminal Code (Act March 4, 1909, c. 321, 35 Stat. 1131). But he contends that a sentence in gross on several counts greater than the statutory provision for one is invalid, and that the 10 years imposed upon him, being more than the punishment authorized for a single offense, cannot properly be said to run "concurrently" on 8. We can conceive of no sound legal objection to a single sentence for several offenses charged in one indictment, if it does not exceed the statutory maximum for all. We have held such a sentence valid. Myers v. Morgan, 139 C. C. A. 641, 224 Fed. 413. It is true that the word "concurrently" is generally used when terms of imprisonment are imposed separately for each of two or more offenses charged in the same indictment, and to indicate that while the convicted prisoner is serving one he is serving all. When so used, the sentence is the opposite of cumulative. But that use is not exclusive. Concurrently is also defined as "in combination or unity." When found in a sentence like that before us, the reasonable construction is that the years of imprisonment specified run as a unit upon all the counts in the indictment; that is to say, not upon each of the counts severally, but all of them in the aggregate.

The prior history of this case—a first sentence, a decision in habeas corpus, and then the present sentence—indicates that the above was intended by the court in which the appellant was tried.

Some other contentions are made. They are either not sustained by the record or not open in habeas corpus.

The order is affirmed.