### Ex parte POOLE.

(District Court, D. Montana. April 21, 1921.)

No. 908.

**1. Intoxicating liquors ☞174—Violations of National Prohibition Act held separate offenses.**

Under the National Prohibition Act, the manufacture of intoxicating liquors without a permit, the failure to make a permanent record of such liquor, and the possession of property designed to manufacture liquor intended for use in violation of such act are separate offenses.

**2. Criminal law ☞984—Single sentence, imposing fine and imprisonment for three offenses, held not void.**

Where defendant pleaded guilty to an information charging in three counts the manufacture of intoxicating liquor without a permit, the failure to make a permanent record of such liquor, and the possession

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of property designed to manufacture liquor for illegal use, a single sentence, imposing a fine of $150 and imprisonment for 75 days, is not void, as the imprisonment will be assigned to the first count, which charged an offense punishable by imprisonment, and the fine to the other counts.

Habeas Corpus. Application by Frank E. Poole·for a writ to revise sentence after plea of guilty. Application denied.

Russell, Madeen & Barron and Patterson & Heyfron, all of Missoula, Mont., for petitioner.

Geo. F. Shelton, U. S. Atty., of Butte, Mont., for respondent.

BOURQUIN, District Judge. Habeas corpus sought for that, upon petitioner's plea of guilty to an information charging three violations of the National Prohibition Act (Act Cong. Oct. 28, 1919, c. 85, 41 Stat. 305), viz.: (1) Manufacturing intoxicating liquor without a permit; (2) failing to make a permanent record of such liquor; and (3) possession of property designed to manufacture liquor intended for use in violation of said act—a single sentence and judgment were imposed that he be imprisoned 75 days and fined $150, which fine has been paid.

The act provides for the first of said offenses imprisonment or fine, and for the second and third thereof fine. The sentence and judgment in imprisonment and fine are less than the possible maximum on the three counts. Petitioner's contention is that, though the act creates these separate offenses, they are in reality but one continuous offense, and subject to but one sentence and judgment of imprisonment or fine; that, having paid the fine, the sentence is void as to the imprisonment and he is entitled to the writ. To this he cites In re Snow, 120 U. S. 274, 7 Sup. Ct. 556, 30 L. Ed. 658; Ex parte Lange, 18 Wall. 163, 21 L. Ed. 872; Stevens v. McClaughry, 207 Fed. 18, 125 C. C. A. 102, 51 L. R. A. (N. S.) 390; Halligan v. Wayne, 179 Fed. 112, 102 C. C. A. 410.

[1] That the separate offenses are but one, and subject to but one penalty, is an unwarranted assumption. Congress having power to define offenses, to determine what acts shall constitute offenses, has declared clearly enough that these are separate offenses. See Morgan v. Devine, 237 U. S. 632, 35 Sup. Ct. 712, 59 L. Ed. 1153; Ebeling v. Morgan, 237 U. S. 625, 35 Sup. Ct. 710, 59 L. Ed. 1151. Neither is necessarily or at all included in any of the others.

[2] The single sentence is other and greater than can be imposed on any one count, and common-law rules would probably hold it void. 1 Bishop, Cr. Prac. § 1327. Modern doctrine, however, seems to sanction it. See Brinkman v. Morgan, 253 Fed. 553, 165 C. C. A. 223. Upon error, and in view of the record, a reasonable presumption of judicial regularity will assign the imprisonment to the first count of the information, and the fine to the second and third counts, and thus each offense is visited with the penalty the act authorizes. That the sentence herein is not of time excessive upon any count, but is of character impossible upon any count, is believed to be immaterial.

The application is denied.