## FEIGIN v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. February 16, 1925.)

No., 4326.

**1. Criminal law ⟨⟩⟩⟩995(4)—Judgment held not erroneous for failure to designate counts of information on which sentence imposed.**

Where sentence imposed was not in excess of the maximum punishment that could be imposed in gross for violation of offenses charged in two of the four counts of the information, and the evidence was ample to support the verdict on both such counts, judgment was not erroneous for failure to designate the counts on which the sentence was imposed, notwithstanding question as to sufficiency of one of the other counts.

**2. Criminal law ⟨⟩⟩⟩1167(2)—Insufficiency of one of four counts of information held immaterial, in view of sentence and evidence.**

Where the sentence was not in excess of the maximum punishment that could be imposed in gross for violation of offenses ·charged in two of the four counts of the information, and the evidence was ample to support conviction under both counts, insufficiency of another count *held* immaterial.

**3. Criminal law ⟨⟩⟩⟩1044—Unresponsive answer held not ground for reversal, in absence of motion to have answer stricken.**

In prosecution for violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), defendant's testimony, on cross-examination, that he had been convicted of violation of the act and had served a term in jail, in response to question whether he had ever "had any connection with the liquor business," *held* not ground for reversal, in absence of motion to have answer stricken.

**4. Criminal law ⟨⟩⟩⟩1056(1)—Instructions to which no exception taken, not considered.**

Argument that instructions were erroneous, will not be considered where no exceptions were taken to the instructions.

**5. Criminal law ⟨⟩⟩⟩995(1), 1177—Form of sentence held improper.**

In prosecution for violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) sentence of one year's imprisonment in county jail, and fine of $1,000, or in default of payment of fine, that defendant be further imprisoned for a period of 6 months, *held* not in proper form, being open to misconstruction, but not prejudicial.

In Error to the District Court of the United States for the Southern Division of the Northern District of California; Frank H. Kerrigan, Judge.

Joseph Feigin was convicted of ·violating the National Prohibition Act, and he brings error.· Affirmed.

Frank E. Powers,· Frank J. Hennessy, and John D. Harloe, all of San Francisco, Cal., for plaintiff in error.

Sterling Carr, U. S. Atty., and T J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge. Feigin was convicted of violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), and sentenced to one year in the county jail and to pay a fine of $1,-000,· or, in default of the payment of the fine, that he be further imprisoned for a period of 6 months. By writ of error, review is sought.

The verdict found Feigin guilty on all four counts of the information. The first count charged willful and unlawful possession of certain described property designed for the manufacture of liquor; the second, that Feigin was unlawfully possessed of certain intoxicating liquor; the third, that Feigin then and there maintained a common nuisance, by keeping for sale certain intoxicating liquor; and the fourth charged the unlawful manufacture of certain intoxicating liquor.

[1] The judgment is said to be erroneous, because it does not designate upon what counts of the information sentence was imposed, and that it may require an imprisonment of 18 months. But as the court had power to impose a fine of not more than $1,-000 and to imprison for not more than one year under the nuisance count, and also had power to fine not more than $1,000 or to imprison not exceeding 6 months under the unlawful manufacture count, and as the evidence was ample to support the verdict of guilty of both counts, the sentence was not in excess of the maximum punishment that could be imposed in gross for violation of the offenses charged in those two counts. Abrams v. United States, 250 U. S. 616, 40 S. Ct. 17, 63 L. Ed. 1173; In re De Bara, 179 U. S. 316, 21 S. Ct. 110, 45 L. Ed. 207; Brinkman v. Morgan, 253 F. 554, 165 C. C. A. 223; Myers v. Morgan, 224 F. 413, 139 C. C. A. 641.

[2] In view of what we have just said, the question of the sufficiency of the first count of the information becomes unimportant.

[3] Error is assigned upon a ruling of the court permitting evidence respecting a former conviction of the defendant for violation of the prohibition law. It arose in this way: On cross-examination the district attorney asked defendant if he had ever "had any connection with the liquor business at all." Defendant made the dragnet objec-

tion that the question was incompetent, irrelevant, and immaterial. This was overruled, and exception was noted. Defendant answered that he had been convicted of violation of the National Prohibition Act and had served a term in jail. Counsel for the defendant made no motion to strike out the answer, and it was allowed to stand as bearing upon intent in the nuisance and manufacture charges. The question asked and objected to did not call for the answer which defendant gave. His statement was not responsive, but voluntary, and, as his counsel made no motion to strike it out, the position now taken, that the response was prejudicial, ought not to be upheld.

[4] As no exceptions were taken to the instructions of the court, we need not consider the argument that they were erroneous.

[5] For the reasons stated in Wagner v. United States, 3 F.(2d) 864 (February 9, 1925), we disapprove of the form of sentence. It is open to misconstruction. But, under the construction put upon the sentence in the Wagner Case, defendant's rights were not prejudiced.

The judgment is affirmed.