### DONEGAN v. SNOOK, Warden.

(District Court, N. D. Georgia, N. D. July 26, 1925.)

No. 81.

1. Habeas corpus ☞30(3)—Sentence upheld, if punishment within aggregate that could be imposed on all counts, and not void on habeas corpus.

Where court, instead of imposing separate punishments for each of several counts charging separate offenses, imposes a punishment in excess of what could be imposed for a single count, but within aggregate that could be imposed for all, sentence may be upheld, and, if irregular, is not void on habeas corpus.

2. Criminal law ☞1192 — Order on mandate not treated as a sentence, where prisoner was absent.

Order on mandate, after judgment was affirmed as to all counts except one, and reversed as to that, reciting affirmance of sentence on other counts and ordering defendant's commitment to serve specified term, could not be treated as a sentence where prisoner was absent, since order was merely giving effect to reversal and putting original sentence into execution otherwise.

3. Habeas corpus ☞83 — Answer in habeas corpus, which is not traversed, is to be taken as true.

In habeas corpus, directed against the warden, warden's answer, not having been traversed, was to be taken as true.

4. Criminal law ☞1192—Sentence held one for 10 years, reduced by reversal to 9 years and 4 months, and hence valid.

Sentence for a term of 8 months on each of 12 separate counts and 2 years on another count "(total 10 years) to run consecutively," reversed as to one count, followed by order on mandate for commitment for 9 years and 4 months might be held to be, by its own terms, one for 10 years, reduced by reversal to one for 9 years and 4 months, and hence valid.

5. Criminal law ☞1216(2)—Sentence of defendant held to manifest an intention that terms imposed were to be served consecutively, until all were served out.

Sentence for a term of 8 months on each of 12 different counts and 2 years on another count, to run consecutively, was sufficiently certain to prevent the terms of imprisonment from running concurrently, though it did not specify order in which they were to be served.

6. Criminal law ☞876½, 878(1)—If imprisonment intended to be imposed clearly appears, and is within power of the judge, it is enough.

When judgment is on several counts in one indictment, or on several indictments consolidated into one case, there is but one record and one judgment, and if imprisonment intended to be imposed thereby clearly appears, and is within power of judge, it is enough.

7. Criminal law ☞1216(2)—Doubt solved in favor of concurrent sentences; doubt as to order in which imprisonments plainly consecutive are to be served is of no consequence, until it becomes really material.

Any doubt as to whether sentences are concurrent will be solved in favor of concurrence, but if only doubt is as to order in which imprisonments plainly consecutive are to be served, it is of no consequence until it becomes really material, as on partial arrest of judgment or pardon, and then doubt should be given in favor of liberty.

Habeas Corpus. Petition by Edward J. Donegan against John W. Snook, Warden of the United States Penitentiary. Petitioner remanded.

Frank A. Doughman, of Atlanta, Ga., for petitioner.

Clint W. Hager, U. S. Atty., and John W. Henley, Asst. U. S. Atty., both of Atlanta, Ga., for respondent.

SIBLEY, District Judge. The applicant was convicted under all 13 counts of an indictment, and sentenced, according to the record exhibited in the answer, so far as material, as follows: "The court thereupon proceeded to pass judgment, and sentence the prisoner, Edward Donegan, to be imprisoned for a term of 8 months on each of counts 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, and two years on count 13 (total 10 years), to run consecutively." He appealed his case,

with the result that the judgment was affirmed as to all counts except the third, and reversed and set aside as to that. In entering the mandate the trial court, apparently in the defendant's absence, reciting the affirmance of sentence on the twelve counts, ordered the defendant's arrest and commitment to the United States penitentiary at Atlanta, Ga., "there to serve the said sentence of 9 years and 4 months imposed as aforesaid in said cause."

This prisoner, having, with good time allowances, served a term of 2 years, claims discharge on the ground that all the punishments imposed in his sentence are to be esteemed to run concurrently, inasmuch as there is no definite sequence fixed for their separate execution; the sentence not stating which imprisonment was to be served first or last. The cases principally relied on are United States v. Patterson (C. C.) 29 F. 775, Daugherty v. United States (C. C. A.) 2 F.(2d) 691, and Puccinelli v. United States (C. C. A.) 5 F.(2d) 7. The contention is that, no matter how clear the intent of the sentence may be that its several terms of imprisonment shall not be served concurrently, but shall be aggregated, unless a definite time of commencement be fixed for each, all will commence at once, and be executed concurrently.

[1-7] The last order passed by the court was one of imprisonment for a period of 9 years and 4 months. It is well settled that where the court, instead of imposing separate punishments for each of several counts charging separate offenses, imposes a punishment in excess of what could be imposed for a single count, but within the aggregate that could be imposed for all, the sentence may be upheld. If irregular, it is not void on habeas corpus. Blake v. Moyer, 208 F. 678, 125 C. C. A. 576; Myers v. Morgan, 224 F. 413, 139 C. C. A. 641; Brinkman v. Morgan, 253 F. 553, 165 C. C. A. 223; Feigin v. United States (C. C. A.) 3 F.(2d) 866. The order on the mandate, however, cannot be treated as a sentence, because of the prisoner's absence. It is merely giving effect to the reversal on the third count and putting the original sentence into execution otherwise. There is dispute as to whether the parenthesis "total ten years" is part of the original sentence. The answer, not having been traversed, is to be taken as true. The sentence may thus be held to be, by its own terms, one for 10 years, reduced by a reversal, as to one 8-month element in it, to one for 9 years and 4 months, and so valid under the cases last cited. But, if the par-

6 F.(2d)—41

enthesis be disregarded, and the sentence be one for several imprisonments, I think the result should be held to be the same.

Puccinelli v. United States (C. C. A.) 5 F.(2d) 7, seems to hold otherwise, but is based on the Patterson and Daugherty Cases. These were both cases of separate, unconsolidated indictments, in which there were, or should have been, separate judgments on each record. There is great reason for holding that each record should be complete in itself, and in the absence of provision in each record fixing another specific time, the judgment therein should operate at once. When the judgment is on several counts in one indictment, or on several indictments consolidated into one case, there is but one record and one judgment, and if the imprisonment intended to be imposed thereby clearly appears, and is within the power of the judge, it is enough. The reasons to the contrary urged in the Patterson Case are really not of great practical importance. If all the terms of similar imprisonment imposed are to be served out, it is not of the slightest consequence to jailor or prisoner which he is serving at a given moment. If by partial arrest of judgment, or pardon, some of them are relieved against, and there is doubt as to which terms have been served, of course, the doubt would be solved in favor of liberty, by assuming that those had been served which should have been suffered, and relief given against those which should not.

Thereby every just right of the prisoner would be conserved. If there be doubt as to whether sentences are concurrent or not, the doubt will be solved in favor of concurrence; but, if the only doubt is as to the *order* in which imprisonments plainly consecutive are to be served, it is of no consequence till it becomes really material, as on partial arrest of judgment or pardon, and then the doubt should be given in favor of liberty. Until that time it is an idle speculation with which courts should not concern themselves. If such possibilities were as vital as they were suggested to be in the Patterson Case, the cases of Blake, Myers, Brinkman, and Feigin, supra, cannot be upheld, for the same uncertainties inhere in them. The court in this case evidently intended that 8 months should be served on count 1, then 8 months on count 2, and so on, consecutively, till all the terms imposed were served out. There is no such uncertainty in the sentence as ought to defeat this intent.

The petitioner is remanded to the warden.