**WEBB et al. v. UNITED STATES.**

(Circuit Court of Appeals, Eighth Circuit. September 14, 1925. Rehearing Denied December 4, 1925.)

No. 6901.

**1. Intoxicating liquors ⟞236(6½, 19)—Evidence held to sustain conviction for unlawful possession and manufacture, and for unlawful possession of property designed for manufacture.**

Evidence *held* to sustain conviction under National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) for unlawful possession and manufacture of intoxicating liquor, and for unlawful possession of property designed and intended for manufacturing intoxicating liquor.

**2. Criminal law ⟞510—Uncorroborated accomplice's testimony may be sufficient to sustain conviction.**

Uncorroborated accomplice's testimony may be sufficient to sustain conviction.

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Jim Webb and others were convicted of violations of the National Prohibition Act, and they bring error. Affirmed.

8 F.(2d)—10

Morris & Tant, of Oklahoma City, Okl., for plaintiffs in error.

W. A. Maurer, U. S. Atty., and James A. Ingraham, Asst. U. S. Atty., both of Oklahoma City, Okl.

Before LEWIS and BOOTH, Circuit Judges, and PHILLIPS, District Judge.

PHILLIPS, District Judge. Jim Webb and Allison Shadrick and two others were charged by information containing four counts with violations of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). The first count charged unlawful possession of intoxicating liquor; the second, unlawful manufacture of intoxicating liquor; the third, maintenance of a common nuisance; and the fourth, unlawful possession of property designed and intended to be used for the manufacture of intoxicating liquor. The court dismissed the third count. Webb and Shadrick were convicted and sentenced on the first, second, and fourth counts.

The sole question presented by the assignments of error is whether there was any substantial evidence to sustain the verdicts.

The government produced certain local officers, who testified that on April 23, 1921, they searched the premises at 1819 West Thirty-Eighth street, Oklahoma City, Okl., and found a large still, 25 barrels of mash, and 8 gallons of whisky, and that they found on the premises at the time of the search, a woman, known as Virginia Elders.

Virginia Elders was arrested and later released on bond. While at liberty she left Oklahoma and went to California. She failed to appear as required by her bond, and the same was forfeited. Later she was arrested in California and brought back to Oklahoma.

Virginia Elders appeared as a witness for the government and testified that she lived at 1819 West Thirty-Eighth street from April 7 to April 23, 1921, with one Otto Langdon; that Webb and Shadrick came there almost nightly and engaged with Langdon in the manufacture of whisky, and that, after the whisky was manufactured, Webb and Shadrick took it away and disposed of it. One Sadler, a witness for the government, testified that he was acquainted with the premises in question; that certain people moved in there about the first part of April, 1921; that they kept the window blinds drawn and quilts hanging at the front door and windows; that he saw people going to and from the house; that one of the men resembled the defendant

Webb, but that he could not positively identify Webb as the man.

One Mager, a witness for defendants, testified that he sold the premises in question to Otto Langdon in April, 1921, for $4,250; that Langdon paid down $750 and gave notes for the balance; and that a woman purporting to be Amy Langdon also signed the papers. Webb and Shadrick testified in their own behalf. They admitted that they were acquainted with Langdon, that they had called on him at 1819 West Thirty-Eighth street, and that they had drunk whisky while there. They denied any knowledge of a still being on the premises, that they had anything to do with the manufacture of whisky, and that they had taken any whisky away from the premises.

[1, 2] From the foregoing, it will be seen that there was substantial evidence to support the verdicts of guilty. Even could it be said that the evidence of Virginia Elders, an accomplice, was uncorroborated; still it would be sufficient to support a verdict of guilty. Caminetti v. U. S., 242 U. S. 470, 495, 37 S. Ct. 192, 61 L. Ed. 442, L. R. A. 1917F, 502, Ann. Cas. 1917B, 1168. The court carefully instructed the jury to look upon her testimony with caution. The jury in the light of this instruction weighed her evidence, together with the testimony of the other witnesses, and found the defendants guilty, and after a careful reading of the entire record we are not persuaded that the jury arrived at an erroneous conclusion.

The judgment is affirmed.