## KLEIN v. UNITED STATES.

(Circuit Court of Appeals, First Circuit.
July 13, 1926.)

### No. 1980.

**1. Criminal law ⬳395.**

Evidence seized by police officers and turned over to federal officers taking no part in seizure *held* properly received in federal liquor prosecution, though federal officers had no warrant authorizing seizure.

**2. Criminal law ⬳691.**

Defendant claiming no interest in liquors or manufacturing apparatus seized or to premises which were searched can raise no objection to introduction thereof in evidence on ground of unlawful seizure.

**3. Criminal law ⬳1202(4).**

To authorize conviction as for second offense under National Prohibition Act, tit. 2, § 29, subds. 1, 2 (Comp. St. Ann. Supp. 1923, § 10138½p), jury must find that defendant has previously been convicted.

**4. Criminal law ⬳1202(4).**

Identity of alleged second offender in liquor prosecution with person who was defendant in previous indictment, introduced to prove first offense, *held* for jury.

**5. Criminal law ⬳1202(3).**

Record of former conviction to prove first offense when introduced was proof of what it recited, but court had duty of construing it and making such explanations as to its legal effect as necessary for jury to understand it.

**6. Criminal law ⬳1202(4).**

On introduction of former indictment as proof of prior conviction, court, within its discretion, properly stated to jury what record disclosed instead of having record read to them.

**7. Criminal law ⬳1202(3).**

Where record of former conviction did not disclose upon which count in indictment sentence was imposed, but showed plea of guilty to both counts, followed by general sentence, there was conviction under both counts sufficient to support allegation of former conviction.

**8. Intoxicating liquors ⬳137.**

Possession of articles designed for manufacture of intoxicating liquors is, under the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) a distinctive offense from that of manufacturing.

**9. Intoxicating liquors ⬳238(2).**

Whether defendant was guilty of manufacture of liquor *held* for jury.

**10. Intoxicating liquors ⬳137.**

Statement of court in liquor prosecution that mingling of alcohol and water with burnt sugar flavoring extracts constituted manufacturing *held* without error.

In Error to the District Court of the United States for the District of Rhode Island; Arthur L. Brown, Judge.

Frank Klein, alias John Doe, was convicted of the sale of intoxicating liquors, possession of property designed for manufacture of intoxicating liquors, and for manufacture and unlawful possession of intoxicating liquors and he brings error. Affirmed.

Daniel T. Hagan, of Providence, R. I. (John J. Rosenfeld and Charles A. Kiernan, both of Providence, R. I., on the brief), for plaintiff in error.

Russell P. Jones, of Providence, R. I. (John S. Murdock, of Providence, R. I., on the brief), for the United States.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. The plaintiff in error, hereinafter called the defendant, was convicted on an indictment containing four counts. The first one charged the sale of intoxicating liquors, which was alleged to be a second offense; the second, the possession of property designed for the manufacture of intoxicating liquors; the third, their manufacture; and the fourth, the unlawful possession of intoxicating liquors, which was alleged to be a second offense.

The jury returned a verdict of guilty on all the counts, and the following sentence was imposed: Upon count 1, 60 days in jail and $200 fine; upon counts 2 and 3, a fine of $150 in each; and upon count 4, 60 days in jail, to run concurrently with the sentence of imprisonment imposed under count 1.

On March 17, 1925, Walter V. Dunn, a police officer of the city of Providence, R. I., went to the home of the defendant, accompanied by one Katzman, for the purpose of purchasing intoxicating liquor. He testified that the defendant told a young man who was in his home to go upstairs and get twelve bottles, which the young man did, and put them in an automobile in an alleyway near the back door of the house, and that he paid the defendant $30 for the same.

A search warrant was then obtained from the state court of Rhode Island, and a search made of the defendant's premises on the first floor of an apartment house by police officers. Nothing was found as a result of the search upon the first floor except some corks in a pan on the stove.

Upon the third floor the officers making the search found eight bottles of intoxicating liquors, some bottles of extracts of different kinds, a number of empty gin and whisky bottles, a five-gallon can of grape sugar, some bottle stoppers, an electric capping machine with motor attached, a labeling machine, a

gallon can of burnt sugar, two cork pullers, two filling machines, a case of unrefillable bottles, empty, a galvanized measure, a lot of wood cases and cardboard cases.

Police Officer Steeves testified that, upon reaching the third floor, he met a boy coming out of a door in the apartment on this floor who told him, in the presence of the defendant, that he worked for the defendant, and was paid $25 per week, and that this statement was not denied by the defendant.

Another police officer, Hallstrom, also testified that he heard the conversation between officer Steeves and the boy in the defendant's presence.

The police officers notified a prohibition agent, who came to the house and removed the liquors and the other articles which the police officers had seized. One of the bottles of liquor purchased by Dunn was offered in evidence at the trial, and also four bottles of liquor seized by the police.

The defendant objected to the introduction of these exhibits and his objection was overruled, which is the first assignment of error. The ground of the defendant's objection was "that there was a partial seizure by the police and a substantial seizure by agents and employees of the United States government without federal process."

In The Ray of Block Island, 11 F.(2d) 522, this court held that a seizure made by police officers can be ratified by federal officers.

[1] The record does not disclose that the federal officers took any part in the seizure, but simply removed the liquor and the other property which had been seized by the police officers. That the federal officers had no warrant authorizing them to make a seizure is immaterial, as the seizure had already been made by the police officer, and the liquor and articles seized were turned over to the federal officers, and the liquors seized were properly received in evidence. See, also, Park v. United States (C. C. A.) 294 F. 776.

[2] Furthermore, defendant testified that he had no interest in the liquors or property seized upon the third floor, and that the apartment there was not occupied by him, and he made no claim to the liquors or other property seized or to the premises which were searched, and therefore could not raise an objection to the introduction of the liquor seized in evidence. See Lewis v. United States (C. C. A.) 6 F.(2d) 222, 223; Goldberg v. United States (C. C. A.) 297 F. 98; Driskill v. United States (C. C. A.) 281 F. 146.

The other errors assigned relate to the procedure in proving a prior conviction, to the instructions of the court, and to the refusal to direct a verdict of not guilty.

In order to prove the prior conviction alleged in the first and fourth counts of the indictment, the district attorney said he would "refer the court and jury to indictment 2194, in which the defendant was convicted on two counts, one of possession and one of sale, a previous offense." The clerk identified the defendant as the person who was the defendant in that indictment, which was uncontradicted, and stated that the former indictment was filed December 15, 1924; that the defendant pleaded guilty, and was fined $100.

Objection was made by the defendant to the introduction of the record of the previous conviction, solely for the reason that it did not disclose the count upon which the defendant was fined. The record was admitted and the defendant excepted. The same objection was urged to the instruction of the court to the jury as to what the record of the court disclosed in indictment 2194.

Section 29, par. 1, of title 2 of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½p), reads as follows:

"Any person who manufactures or sells liquor in violation of this title shall for a first offense be fined not more than $1,000, or imprisoned not exceeding six months, and for a second or subsequent offense shall be fined not less than $200 nor more than $2,000 and be imprisoned not less than one month nor more than five years."

Paragraph 2 is as follows:

"It shall be the duty of the prosecuting officer to ascertain whether the defendant has been previously convicted and to plead the prior conviction in the affidavit, information, or indictment."

[3] It was necessary to sustain the allegations in the first and fourth counts of this indictment for the jury to find that the defendant had been previously convicted. McCarren et al. v. United States (C. C. A.) 8 F.(2d) 113, 114; Singer v. United States (C. C. A.) 278 F. 415, 420.

[4, 5] The identity of the defendant with the person who was the defendant in the previous indictment was a question for the jury, and proof of this identity had been supplied by the clerk. The record when introduced was proof of what it recited, but it was the duty of the court to construe it and make such explanations in regard to its legal effect as he deemed necessary, in order that the jury might understand it. This he did in the following language:

"I instruct you, gentlemen, that it appears by the record of this court in indictment 2194

that Frank Klein was charged in this, that on the 28th day of August, 1924, at the city of Providence, he unlawfully possessed certain intoxicating liquor, to wit, 25 cases of distilled spirits; to wit, whisky containing one-half of 1 per cent. or more alcohol by volume, contrary to the National Prohibition Act—the usual form of indictment; and in the second count, that it was charged on the 28th day of August, 1924, at the city of Providence, he did unlawfully sell to James W. Gilbert, alias Richard Roe, certain intoxicating liquor, to wit, whisky, containing one-half of 1 per cent. or more alcohol by volume; that on December 16, 1924, the defendant Klein pleaded not guilty, and was admitted to bail. On January 30, 1925, the defendant retracted his plea of not guilty, and pleaded guilty, and was sentenced to pay a fine of $100. His fine was paid. That is the record as it stands."

[6] There was no error in thus stating to the jury what the record disclosed instead of having the record read to them. This was a matter entirely in the discretion of the presiding judge. McCarren et al. v. United States, supra.

[7] While the record did not disclose upon which count in indictment 2194 sentence was imposed, it did disclose that the defendant pleaded guilty to both counts in it. Although it is better practice for the trial court in its sentence to expressly award the punishment which it affixes to each count on which a prisoner has been convicted, the imposition of a general sentence upon both counts, which does not exceed the maximum fine which could be imposed under both counts, was not unlawful, and is sanctioned by many authorities. In re Henry, 123 U. S. 372, 8 S. Ct. 142, 31 L. Ed. 174; Ex parte De Bara, 179 U. S. 316, 21 S. Ct. 110, 45 L. Ed. 207; Myers v. Morgan, 224 F. 413, 139 C. C. A. 641; Brinkman v. Morgan, 253 F. 553, 165 C. C. A. 223; Neely v. United States (C. C. A.) 2 F.(2d) 849; Rice v. United States (C. C. A.) 7 F.(2d) 319.

The plea of guilty by the defendant in this indictment, followed by a general sentence, was therefore a conviction under both counts in the indictment, and the record supported the allegation of a former conviction.

The court did not err in instructing the jury in relation to what was shown by the record.

There was no motion for a directed verdict, but the court did rule, over the objection of the defendant, that there was evidence to go to the jury in support of the second count in relation to the possession of property designed for the manufacture of intoxicating liquors, and also in support of the third count, which charged the manufacture of intoxicating liquors, and to this ruling the defendant excepted.

[8] The possession of articles designed for the manufacture of intoxicating liquors is made by the National Prohibition Act a distinct offense from that of manufacturing. See Felton v. United States (C. C. A.) 8 F. (2d) 990; Webb v. United States (C. C. A.) 8 F.(2d) 145. There was evidence not only of possession of articles designed for the manufacture of intoxicating liquors, but there was evidence that intoxicating liquors had been manufactured, because a large amount was found in the same room in which the articles designed and adapted to its manufacture were seized.

[9] Whether, under all the evidence, the defendant, Klein, had been guilty of the manufacture of this liquor was a question entirely for the jury, and we cannot say there was not sufficient evidence to be submitted to them.

[10] The defendant takes nothing by his assignment of error to the statement of the court that the mingling of alcohol and water with burnt sugar flavoring extracts would fall within the definition of manufacturing.

We find nothing in the other assignment of errors which we deem it necessary to consider.

The judgment of the District Court is affirmed.