MARTINEZ v. NAGLE, Commissioner of Immigration.

No. 6480.

Circuit Court of Appeals, Ninth Circuit.

Oct. 26, 1931.

Henry J. Meadows, Jr., of San Francisco, Cal., for appellant.

George J. Hatfield, U. S. Atty., and William A. O'Brien, Asst. U. S. Atty., both of Los Angeles, Cal., for appellee.

Before WILBUR and SAWTELLE, Circuit Judges, and JAMES, District Judge.

SAWTELLE, Circuit Judge.

This appeal is taken from an order of the District Court of the United States for the Northern District of California, Southern Division, denying a petition for a writ of habeas corpus.

On August 10, 1929, George G. Martinez, appellant herein, citizen of Mexico, pleaded guilty to two counts of an indictment: The first count charged a violation of the Harrison Narcotic Act (26 USCA §§ 692, 705); the second count charged a violation of the Jones-Miller Act (21 USCA § 174).

The court passed judgment and sentence as follows: "It is therefore ordered and adjudged that the said George G. Martinez of the indictment be imprisoned for the period of one (1) year and one (1) day in a United States penitentiary, and pay a fine of one (1) dollar. Further ordered that in default of the payment of said fine that said defendant be further imprisoned until said fine be paid or until he be otherwise discharged in due course of law."

It appears in the record that the fine has been paid.

On April 16, 1930, appellant was ordered deported under section 2(c) of the Jones-Miller Act (21 USCA § 174). He petitioned the District Court for a writ of habeas corpus, and from the refusal of the District Court to issue the writ comes this appeal.

There is no question as to the sufficiency of the counts of the indictment. The government does not contend that the alien's conviction under the terms of the Harrison Narcotic Act renders him liable to deportation; appellant does not contend that if there was a sentence of a year and a day under the Jones-Miller Act he would not be liable to deportation. Therefore, the sole question before this court is whether or not appellant has been sentenced to imprisonment for a year and a day for violation of the Jones-Miller Act.

Appellant contends that the presumption of judicial regularity demands that the sentence be construed as assigning the term of imprisonment to the first count of the indictment, namely, the violation of the Harrison Narcotic Act, and as assigning the fine to the second count, namely, the violation of the Jones-Miller Act. The Harrison Narcotic Act provides for imprisonment *or* fine *or* both; the Jones-Miller Act provides for imprisonment *and* fine. Therefore, the very doctrine of judicial regularity invoked by appellant must lead to the conclusion that if the fine was assessed on the second count, as appellant concedes, then the term of imprisonment must have been on the same count. The language of the second statute is mandatory that both forms of punishment be inflicted

and we must assume that the trial court meant to and did carry out the law; the judgment conforms to the requirement of the statute.

▮ Likewise, we must conclude that the sentence on the second count was meant to run concurrently with that on the first count. The indictments charged separate offenses under two separate statutes, to each of which the appellant pleaded guilty, and we cannot presume that no sentence at all was imposed on a count to which appellant had pleaded guilty.

"The court might have sentenced the defendant on each count or it might impose one sentence upon both counts either upon a plea or verdict of guilty, and unless it specifically appears that the sentence was imposed upon one count only, the presumption obtains that it was a sentence upon both counts." Gemignani v. United States (C. C. A. 6) 9 F.(2d) 384.

▮ It is a well-established rule that "where sentences are imposed on verdicts of guilty or pleas of guilty on several indictments, or on several counts of the same indictment, in the same court, each sentence begins to run at once and all run concurrently, in the absence of some definite, specific provision that the sentences shall run consecutively, specifying the order of sequence." Puccinelli. v. United States (C. C. A. 9) 5 F.(2d) 6, 7.

In the case of Brinkman v. Morgan, 253 F. 553, 554, the Circuit Court of Appeals for the Eighth Circuit said: "We can conceive of no sound legal objection to a single sentence for several offenses charged in one indictment, if it does not exceed the statutory maximum for all. We have held such a sentence valid. Myers v. Morgan, 139 C. C. A. 641, 224 F. 413. It is true that the word 'concurrently' is generally used when terms of imprisonment are imposed separately for each of two or more offenses charged in the same indictment, and to indicate that while the convicted prisoner is serving one he is serving all. When so used, the sentence is the opposite of cumulative. But that use is not exclusive. Concurrently is also defined as 'in combination or unity.' When found in a sentence like that before us, the reasonable construction is that the years of imprisonment specified run as a unit upon all the counts in the indictment; that is to say, not upon each of the counts severally, but all of them in the aggregate."

The rule applicable here is stated in Corpus Juris, vol. 16, § 3027b, p. 1279, as follows: " * * * Where two indictments charging distinct offenses are tried at the same time [the plea of guilty on both counts here is the equivalent], and each indictment is sufficient, a sentence on a general verdict of guilty imposing no punishment greater than could have been given on either of the indictments alone will not be reversed, *since the verdict when supported by the evidence may be referred to either indictment."*

And again, 16 C. J. § 3032, pp. 1282, 1283: "Where an indictment charges several distinct offenses in two or more counts it has been held that defendant cannot complain of a sentence on a general verdict which imposes punishment applicable to either offense without designating on which count it is based, because, *it being impossible to say on which count the sentence applied, it would be held to apply to all."* (Italics our own.)

▮ In the instant case, we think that the sentence was on both counts, to run concurrently. The sentence of imprisonment in this case could not have been composed of two sentences, each for less than one year but together aggregating one year and one day. In the case of Copeland v. Archer, 50 F.(2d) 836, 838, decided by this court on June 25, 1931, we stated the rule: "We hold that in all cases where the defendant enters a plea of guilty or is convicted on two or more counts of an indictment, or upon two or more separate indictments charging crimes of the same or different character growing out of distinct and separate transactions, judgment for confinement in a penitentiary may be entered only if the specified term of imprisonment on any one count is for more than a year. In other words, if the court imposes several sentences upon a defendant, one for a term exceeding one year, and another or others for a period of one year or less, the latter sentences may *not* be to confinement in a penitentiary, notwithstanding the fact that the sentences of less than one year may have been erroneously ordered to run concurrently. If, on the other hand, the lesser sentences are consecutive, they should be served in an institution other than a penitentiary."

We find no error in the record, and the judgment of the lower court is affirmed.