## JONES v. HILL, Warden.
### No. I.

District Court, M. D. Pennsylvania.
June 21, 1933.

Nathan Fink, of Scranton, Pa., for petitioner.

Andrew B. Dunsmore, U. S. Atty., of Wellsboro, Pa., and Herman F. Reich, Asst. U. S. Atty., of Sunbury, Pa., for respondent.

JOHNSON, District Judge.

This is a petition and rule to show cause why a writ of habeas corpus should not issue and the petitioner be discharged from the custody of the warden of the United States Northeastern Penitentiary as to a two-year portion of the seven-year sentence under each of the three indictments.

On June 1, 1931, the petitioner entered a plea of guilty to three indictments charging him with violations of the national banking laws. Each indictment contained more than one count. On the same date the petitioner was sentenced by the United States District Court for the Eastern Division of the Northern District of Ohio to imprisonment for a gross period of seven years on each indictment, to run concurrently. Separate sentences under each count in the indictments

were not imposed. The act of Congress under which the indictments were obtained provides as a penalty for each violation a fine of not more than $5,000 or imprisonment for not more than five years, or both.

The petitioner contends that a gross or general sentence upon all the counts in an indictment without specifying the penalties imposed upon the defendant upon each count is defective and void as to that portion of the sentence that exceeds the limit fixed by act of Congress, and cites in support of this contention the case of United States v. Peeke, 153 F. 166, 12 L. R. A. (N. S.) 314, decided by the Circuit Court of Appeals for the Third Circuit.

The great weight of authority in the federal courts holds that such sentences are not void and that a general or gross sentence may be imposed under an indictment containing more than one count so long as it does not exceed the aggregate of the punishments which could have been imposed upon the several counts. Ex parte DeBara, 179 U. S. 316, 21 S. Ct. 110, 45 L. Ed. 207; Hyde v. United States (C. C. A.) 198 F. 610, 613; Myers v. Morgan (C. C. A.) 224 F. 413; Brinkman v. Morgan (C. C. A.) 253 F. 553; Neely v. United States (C. C. A.) 2 F.(2d) 849; Feigin v. United States (C. C. A.) 3 F.(2d) 866; Rice v. United States (C. C. A.) 7 F.(2d) 319; Adams v. White, Warden (C. C. A.) 31 F.(2d) 982; Flynn v. United States (C. C. A.) 57 F.(2d) 1044.

The foregoing decisions have so well settled the law in the federal courts with respect to the question raised by the petitioner that a further discussion of the case is rendered unnecessary, and the petition will be dismissed.

And now, June 21, 1933, the petition for a writ of habeas corpus is dismissed, and the rule granted thereon is discharged.