UNITED STATES v. PEEKE.

(Circuit Court of Appeals, Third Circuit. April 22, 1907.)

No. 58.

CRIMINAL LAW—EXCESSIVE SENTENCE—CONVICTION ON DIFFERENT COUNTS.

Where a defendant has been convicted on different counts of an indictment charging separate offenses under the same statute, the court may impose separate and cumulative sentences upon the several counts, but a single sentence for a term longer than is authorized by the statute for one offense is void to the extent of the excess, and another court cannot cure the defect by apportioning the term upon the different counts, but after serving the lawful part of the term the prisoner may be discharged on a writ of habeas corpus.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Criminal Law, §§ 3285, 3298–3300; vol. 25, Habeas Corpus, § 23.

Power of court to revise sentence, see note to Nichols v. United States, 46 C. C. A. 412.]

Appeal from the District Court of the United States for the District of New Jersey.

For opinion below, see 144 Fed. 1016.

John P. Nields, for appellant.

Scott Scammell, for appellee.

Before GRAY and BUFFINGTON, Circuit Judges, and HOLLAND, District Judge.

HOLLAND, District Judge. This is an appeal from an order of the District Court of New Jersey discharging Erastus Carl Benedict Peeke from the state prison at Trenton on a writ of habeas corpus. Peeke was tried and convicted in the United States Court in the District of Delaware on the third, fourth, fifth, sixth, and sixteenth counts of an indictment charging him under section 5440, Rev. St. [U. S. Comp. St. 1901, p. 3676], with the crime of conspiring to commit an offense prohibited in section 5501, Rev. St. [U. S. Comp. St. 1901, p. 3709].

On August 2, 1904, the following judgment was pronounced against him:

"And now, to wit, this second day of August, A. D. nineteen hundred and four, the district attorney moves for judgment. And it appearing to the court that the jury has found the said Erastus Carl Benedict Peeke, alias Benedict Peeke, guilty in manner and form as he stands indicted in the third, fourth, fifth, sixth, and sixteenth counts of the indictment returned against him in the above-entitled cause on the twenty-fourth day of February, A. D., nineteen hundred and four, it is considered and adjudged by the court now here that you, Erastus Carl Benedict Peeke, alias Benedict Peeke, do forfeit and pay to the United States a fine of three thousand dollars and costs of this prosecution; and further that you, Erastus Carl Benedict Peeke, alias Benedict Peeke, be imprisoned in the New Jersey State Prison at Trenton, New Jersey,

for the term of five years, beginning on this day and ending on the first day of August, A. D. nineteen hundred and nine. And it is further considered, adjudged, and ordered by the court now here that you, Erastus Carl Benedict Peeke, alias Benedict Peeke, be now committed to the custody of the marshal of the United States for the district of Delaware in order that the foregoing sentence may be carried into execution."

After sentence, on the same day, he was delivered to the keeper of the New Jersey state prison, where he was confined as a prisoner until April 16, 1906, the date of his discharge.

In his petition for the writ he stated that sentence was imposed upon him "for a term of five years, beginning on this day (to wit, 2d day of August, 1904), and ending on the 1st day of August, 1909, and that, "according to the provisions of section 5440 and the conviction thereunder, the court was limited in its power to punish * * * to a period of imprisonment of not more than two years," and as a consequence the petitioner insists that he is unlawfully detained, and should be discharged. The prisoner was entitled to a reduction of time for good behavior provided for by section 5540 of the Revised Statutes. With this credit to which he is entitled a two-year sentence expired on the 11th day of March, 1906, upon which day he would be entitled to be discharged, if his contention be right as to the unlawfulness of the sentence imposed. The entry of the decree was withheld from April 6th to the 16th to allow time for the correction of the judgment by the court imposing the sentence, if the records warranted a correction. There being no amendments made, the prisoner upon the latter date was discharged, from which judgment an appeal was taken to this court, and a number of errors assigned, all of which can be disposed of in the consideration of the objections: (1) The Court erred in holding that the sentence was void except for the period of two years; and (2) the remedy of the prisoner, if any, was by writ of error, and not by habeas corpus. The petitioner was convicted under section 5440 for conspiracy to violate section 5501, in five different counts in the same indictment, and, it is contended, for five distinct offenses, for each of which offense section 5440 authorized the imposition of a maximum term of imprisonment of two years. The authorities cited by Judge Lanning are sufficient to show that cumulative sentences can be imposed in the federal courts (Ex parte Peeke [D. C.] 144 Fed. 1018), but, in order that a sentence should have this effect, it must be imposed in that form (United States v. Patterson [C. C.] 29 Fed. 775). Where there is a general verdict on two or more counts of an indictment charging crimes which are of the same character, although growing out of totally distinct and separate transactions, sentence may be passed and judgment may be entered for a specified term of imprisonment upon each count, which terms must be consecutive, and it is error to sentence for a certain period in gross. 12 Cyc. 962. Upon these five different counts of the indictment there is no doubt but that a term of imprisonment in the aggregate could have been inflicted by cumulative sentences of five years, or even ten; but this was not done. The judgment was a single sentence "for the term of five years, beginning this day (to wit, August 2, 1904) and ending on the 1st day of August, 1909." As

the maximum term for which the prisoner could be sentenced upon any count in the indictment was two years, this sentence is clearly excessive to the amount of three years, and to that extent null and void. If construed, as suggested by counsel for the government, to be five successive sentences of one year each, it would be entirely void. Section 5440 does not prescribe confinement in a "state jail or penitentiary," and section 5541, Rev. St. [U. S. Comp. St. 1901, p. 3721], prohibits imprisonment in a "state jail or penitentiary" unless the statute violated prescribes such imprisonment, or the sentence is for a period longer than one year. Mills Case, 135 U. S. 263, 10 Sup. Ct. 762, 34 L. Ed. 107. If the prisoner, therefore, is to be detained for the full time of five years, there must be an apportionment of the time other than one year to each count. If we were to divide it into three successive sentences, the first for 2 years, the second for 1½ years, and the third for 1½ years, to which count of the indictment would we assign the different terms? The prisoner has already served two years, and it may be asked upon which count of the indictment did he serve this term, which count would cover the second period of confinement, and, after the expiration of that, to which count should we assign the last year and a half? These counts charge distinct conspiracies with different persons to violate section 5501. Should some newly discovered evidence induce the executive to pardon the prisoner on one or more counts, how would it be possible to ascertain to what part of the sentence the pardon applied? To what reduction from the five-year term would he be entitled? To state these questions is to answer them.

The District Court was not without authority for refusing to correct the sentence by assigning different parts of the term to separate counts in the indictment. In the case of Dimmick v. Tompkins, 194 U. S. 540, 24 Sup. Ct. 780, 48 L. Ed. 1110, the Supreme Court refused to apportion a sentence to two counts in an indictment, assigning one year to each.

The learned judge in the court below, after referring to this case, aptly says:

"It is quite as impossible to construe the judgment now before me as one for imprisonment for five successive terms of one year each, or as one for any other number of terms of more than one year and not more than two years each, as it was for the Supreme Court to construe the judgment in the Dimmick Case as one for imprisonment for two successive terms of one year each."

It is undoubtedly a single judgment for a single term of five years, and, the maximum time for which the defendant can be imprisoned for any offense of which he was convicted in the five different counts being two years, the sentence is good to that extent (Goode v. U. S., 159 U. S. 663, 16 Sup. Ct. 136, 40 L. Ed. 297), and as to that part of the sentence in excess of the power of the court to impose it is void (In re Bonner, 151 U. S. 242, 14 Sup. Ct. 323, 38 L. Ed. 149), and it may be dealt with in this proceeding without disturbing the valid portion of the sentence. U. S. v. Pridgeon, 153 U. S. 62, 14 Sup. Ct. 746, 38 L. Ed. 631. If we are correct, then, that the sentence is void for all time in excess of two years, that time having elapsed, any further confinement would be upon a void judgment and without warrant

of law, which entitled him to be heard upon a writ of habeas corpus, and he was properly discharged. In re Patterson, supra; U. S. v. Pridgeon, supra; In re Bonner, supra; Ex parte Virginia, 100 U. S. 343, 25 L. Ed. 676.

The order of the District Court of April 16, 1906, discharging Erastus Carl Benedict Peeke from the custody of the keeper of the New Jersey state prison at Trenton is affirmed.