**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2864
_____

UNITED STATES OF AMERICA

v.

GEORGE MARTORANO,
                                                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court  No. 2-83-cr-00314-001
District Judge: The Honorable Gene E. K. Pratter

Argued May 17, 2012

Before: SMITH and FISHER, *Circuit Judges*
and STEARNS, *District Judge*[*]

_____

[*] The Honorable Richard G. Stearns, United States
District Judge for the United States District Court of
Massachusetts, sitting by designation.

(Filed:  September 5, 2012 )

Andrea G. Foulkes [ARGUED]
Office of United States Attorney
Suite 1250
615 Chestnut Street
Philadelphia, PA  19106
        *Counsel for Appellee*

Roy E. Black [ARGUED]
Black, Srebnick, Kornspan, & Stumpf
201 South Biscayne Boulevard
Suite 1300
Miami, FL  33131

Marcia J. Silvers
Penthouse One
40 Northwest Third Street
Miami, FL  33128

Theodore Simon
Room 1416
1600 Market Street
Philadelphia, PA  19103
        *Counsel for Appellant*

_____

OPINION
_____

STEARNS, *District Judge.*

George Martorano was sentenced to life imprisonment without parole after pleading guilty to nineteen counts related to the wholesale distribution of drugs. In this appeal, Martorano raises two issues: whether the District Court imposed an illegal general sentence; and whether his undifferentiated sentence for conspiring to distribute drugs and supervising a Continuing Criminal Enterprise (CCE) violates the Double Jeopardy Clause. We will affirm the District Court.

## BACKGROUND

On September 19, 1983, a federal grand jury handed up an indictment accusing Martorano of distributing large quantities of cocaine, methamphetamine, methaqualone, and marijuana. On June 4, 1984, Martorano pled guilty to all nineteen counts of the indictment, including conspiracy to distribute narcotics, in violation of 21 U.S.C. § 846, and supervising a CCE, in violation of 21 U.S.C. § 848. On April 26, 1988, after intervening proceedings, Martorano was sentenced to a general sentence of life imprisonment

without parole.[1]  Since 1988, Martorano's sentence has been reviewed by various district court judges and panels of this Court in response to a succession of post-conviction motions.[2]  Presently before this panel is Martorano's appeal from the District Court's denial of a motion filed pursuant to former Federal Rule of Criminal Procedure 35(a).  The District Court had jurisdiction over the Rule 35(a) motion pursuant to 18 U.S.C. § 3231, and we have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

---

[1] Martorano states that he is "believed to be the longest serving first-time offender for a nonviolent offense" – having now served nearly 30 years of imprisonment.  Appellant's Br. at 9.  Martorano notes that he had no prior criminal record, and that the government did not seek a sentence of life imprisonment at his sentencing hearing.  He further avers that "when he was sentenced in 1984, the U.S. Probation Officer's Parole Guideline Worksheet prepared by the probation officer responsible for [his] Pre-Sentence Investigation Report provided that [his] parole guidelines dictated a parole guideline of between 40-52 months." *Id*. at 22.

[2] The lengthy procedural history of this case is ably described in *United States v. Martorano*, No. 83–314–1, 2007 WL 3071620 (E.D. Pa. Oct. 19, 2007) (denying an earlier motion by Martorano to correct his sentence under Rule 35(a)).

## DISCUSSION

Former Rule 35(a) provided that "the court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence." When applicable, Rule 35(a) places on the defendant the burden of proving the illegality of his sentence.[3] *United States v. Woods*, 986 F.2d 669, 673 (3d Cir. 1993). This Court's review of a district court's denial of a Rule 35(a) motion is plenary "since the legality of the sentence imposed by the district court is being challenged." *Id.* at 673 (citing *United States v. Kress*, 944 F.2d 155, 158 (3d Cir. 1991)).

We have long expressed (as have other circuit

---

[3] As the District Court noted, "former Fed. R. Crim. P. 35(a) . . . is available to individuals whose offenses were committed prior to November 1, 1987. In June of 1984, Mr. Martorano pleaded guilty to a number of offenses he had theretofore committed. Thus, the former Rule 35(a) is available to him. That Rule allowed an individual to bring a motion to correct an illegal sentence at any time. Because Mr. Martorano's motion addresses only the former Rule 35(a), references to Rule 35(a) in this Memorandum are to the former Rule." *United States v. Martorano*, No. 83–314–1, 2011 WL 2631817, at *1 n.1 (E.D. Pa. June 21, 2011). Such is also the case here.

5

courts) a strong preference for multiple, as opposed to general, sentences, but without ever holding general sentences to be illegal per se.[4] *See United States v. Rose*, 215 F.2d 617, 630 (3d Cir. 1954) ("In sentencing the defendant the trial judge imposed a 'lump' sentence on the 5-count indictment instead of dealing with each count separately. While there exist divergent views on the subject of such form of sentencing we are strongly of the opinion that it is highly desirable that the trial judge in imposing sentence on an indictment containing more than one count deal separately with each count."); *United States v. Corson*, 449 F.2d 544, 551 (3d Cir. 1971) (en banc) ("We are aware that this Court has, for good reason, expressed a dissatisfaction with general sentences and has declared it 'highly desirable that the trial judge in imposing sentence on an indictment containing more than

---

[4] Some of the potential pitfalls of a general sentence were explained in *United States v. Peeke*, 153 F. 166 (3d Cir. 1907). In *Peeke*, the Court held that a five-year general sentence for a term longer than the maximum sentence authorized for one of several offenses of conviction was void to the extent of the excess, noting that "[s]hould some newly discovered evidence induce the executive to pardon the prisoner on one or more counts, how would it be possible to ascertain to what part of the sentence the pardon applied? To what reduction from the five-year term would be entitled? To state these questions is to answer them." *Id*. at 168.

one count deal separately with each count.'" (quoting *Rose*)).

Martorano, however, argues that his sentence is now made illegal by this Court's more recent decision in *United States v. Ward*, 626 F.3d 179 (3d Cir. 2010). In *Ward*, the defendant had been given a general sentence of twenty-five years, a sentence that exceeded the statutory maximum sentence for three of the five counts to which he had pled guilty. On appeal, the *Ward* Court vacated the sentence and remanded the case, stating:

> [w]e do not know whether the [District] Court intended to impose a 25 year sentence on each count to run concurrently – which would clearly be illegal considering the statutory maximums on certain counts – or whether the [District] Court had some other sentence in mind, and, accordingly, we cannot adequately review the sentence. We will therefore remand for resentencing.

*Ward*, 626 F.3d at 184-85.

Martorano's general sentence of life imprisonment without parole exceeds the statutory maximum for eighteen of the nineteen counts to which he pled guilty

7

(the CCE count being the exception).[5] Thus, as the District Court reasoned, Martorano's case is "partially analogous to *Ward*, in which the general sentence imposed by the district court exceeded the maximum permitted sentence for three of the five counts to which the defendant had pled guilty, but did not exceed the maximum for two others." *Martorano*, 2011 WL 2631817, at *2. The District Court, however, concluded that *Ward* did not apply to Martorano's case because "*Ward* does not clearly establish the illegality of a general sentence outside of the context of the Sentencing Guidelines . . . ."[6] *Id*., at *3.

We agree with the District Court's distillation of the holding in *Ward*. The decision in *Ward* turned on the unmistakable proscription of general sentences by the Sentencing Guidelines. "Section 5G1.2 of the Sentencing Guidelines indicate that sentencing courts

---

[5] At the time of Martorano's sentencing, conviction under the CCE statute was punishable by a maximum sentence of life imprisonment without parole.

[6] The Sentencing Guidelines do not apply to offenses committed prior to November 1, 1987. *See United States v. Rosa*, 891 F.2d 1063, 1068-69 (3d Cir. 1989). Therefore, they have no application to Martorano's case.

*must* impose a sentence on each count." *Ward*, 626 F.3d at 184 (emphasis added). Given the clarity of Section 5G1.2's prohibitory language, the *Ward* Court gave little shrift to the government's argument that earlier cases gave to sanction general sentences in instances in which a claim of Double Jeopardy might come into play. In a footnote to *Ward*, the Court dismissed the argument, observing that

> [t]he cases upon which the government relies, *United States v. Xavier*, 2 F.3d 1281, 1292 (3d Cir. 1993), *United States v. Corson*, 449 F.2d 544, 551 (3d Cir. 1971) (en banc), and *Jones v. Hill*, 71 F.2d 932 (3d Cir. 1934)[,] did not concern the Sentencing Guidelines and are inapposite here. To the extent those cases can be read as permitting a general sentence on multiple convictions to cure a Double Jeopardy problem, the Supreme Court has since rejected such an approach. *See Rutledge v. United States*, 517 U.S. 292, 307 (1996) (requiring vacatur of conviction on one of two counts held to constitute "same" offense).

Martorano nonetheless seizes on the word "and" in the first sentence of footnote 8. "The cases upon which the government relies . . . did not concern the Sentencing Guidelines *and* are inapposite here." (Emphasis added). He argues that the word "and" should be read in the

9

conjunctive as indicating that the *Ward* Court found the three cited cases to be inapposite for reasons other than the fact that they are not Guidelines cases. However, we agree with the District Court that "[t]his hypercompartmentalized reading . . . belies the more obvious interpretation of the passage," that as far as the *Ward* Court was concerned, non-Guidelines cases had no bearing on the issue that was before it – the validity of general sentences under the Sentencing Guidelines.[7]

Martorano next argues that his general sentence for conspiring to distribute drugs and supervising a CCE can be interpreted as imposing concurrent sentences for both of those crimes, in violation of the Double Jeopardy Clause. In support of this argument, Martorano cites *Rutledge v. United States*, 517 U.S. 292 (1996), which held that the crime of conspiracy to distribute drugs in violation of 21 U.S.C. § 846 is a lesser included offense of supervising a CCE in violation of 21 U.S.C. § 848 and, therefore, a district court may not sustain two convictions and impose separate sentences, even concurrent separate sentences, on both offenses. *See Rutledge*, 517 U.S. at 307 (concluding that "'[o]ne of [petitioner's] convictions, as well as its concurrent sentence, is unauthorized

---

[7] The most that might be wrung from these cases is that prior to the adoption of the Guidelines, general sentences had come into great disfavor, but were not illegal.

10

punishment for a separate offense' and must be vacated."). However, as the District Court stated (echoing footnote 8 in *Ward*),

> [i]f this Court were to apply *Rutledge* to this case, as Mr. Martorano has requested, it is hardly certain that it would have any impact on Mr. Martorano's sentence. As noted above, Mr. Martorano's CCE offense carried a maximum sentence of life imprisonment without parole. This is the sentence that he received. There is nothing in *Rutledge* or any other case cited by Mr. Martorano that would indicate that the appropriate means of correcting his sentence under *Rutledge* would be to vacate his CCE sentence as opposed to vacating his sentence for the lesser included offense of conspiracy. Indeed, logically, such a result would be inconsistent with the very concept of a "lesser included offense."

*Martorano*, 2011 WL 2631817, at *3 n.14. We agree with the District Court that Martorano's *Rutledge* argument is futile.

In a final salvage effort, Martorano argues for a retroactive application of the *Ward* decision to his case: "*Ward* does not announce a new rule of law . . . . Rather, in this circuit and other circuits, there is a long line of

11

cases recognizing that general sentences like that imposed upon Mr. Martorano are improper and illegal."[8] Appellant's Reply at 10. We agree with Martorano to the extent that *Ward* did not create a new rule of law; it simply pointed to a binding procedural rule established by the Sentencing Guidelines. The fact remains that

---

[8] Martorano argues that even if this Court were to find that *Ward* announced a new rule categorically banning general sentences, we need not independently consider the issue of its retroactivity because the instant Rule 35(a) motion is a motion in the original case undertaken as a direct appeal, and is therefore not a collateral attack. *See* Appellant's Br. at 19 ("[W]here a defendant relies upon a new case in support of his former Rule 35(a) motion to correct his illegal sentence, the new case must be considered by the court without the need for any analysis of whether that new case should be retroactive.") (citing *United States v. Shillingford*, 586 F.2d 372, 375 (5th Cir. 1978)). The District Court rejected this argument, stating: "[w]hether or not this is an accurate summary of *Shillingford*, this is not the law in the Third Circuit." *Martorano*, 2011 WL 2631817, at *2 n.12 (citing *Woods*, 986 F.2d at 681 (holding that a new Supreme Court opinion did not apply retroactively to the defendant's sentence because he had not shown that he suffered "a complete miscarriage of justice")). We agree with the District Court's analysis.

12

Martorano was sentenced prior to the adoption of the Guidelines; thus neither Section 5G1.2 nor *Ward* have any application to his case.

While we remain of the opinion that general sentences have out-lived their usefulness, Martorano has failed to meet his burden of demonstrating an entitlement to relief. We have never held that, in the pre-Guidelines context, general sentences are per se illegal. And we agree with the District Court that *Ward* did not change the result in Martorano's case.[9]

Consequently, we will affirm the order of the District Court.

---

[9] *United States v. Peeke*, the century-old case cited by Martorano, could be read to the contrary. However, subsequently in *Jones v. Hill*, decided in 1934, we specifically rejected the quoted dicta in *Peeke* and noted that "[t]he great weight of authority in the federal courts holds that . . . a general or gross sentence may be imposed . . . so long as it does not exceed the aggregate of the punishments that could have been imposed on the several counts." 71 F.2d at 932.