STATE of Delaware,

v.

**Ralph SWAN, Defendant.**

Superior Court of Delaware.

Submitted: February 9, 2017
Decided: February 10, 2017

John R. Williams, Esquire, Department of Justice, Dover, Delaware, Stamatios Stamoulis, Esquire, Stamoulis & Weinblatt LLC, Wilmington, Delaware, for the State.

Stephen L. Marley, Esquire, Janet Bateman, Esquire, Office of the Federal Public Defender, District of Delaware, Wilmington, Delaware, for the Defendant.

## MEMORANDUM OPINION

John A. Parkins, Jr. Superior Court Judge

### Introduction

Presently before the court is Defendant's February 9 application for a sen-

tencing hearing. Defendant is scheduled to be resentenced to a mandatory sentence life without parole on February 21, 2017. In his application, Swan contends that the court is not obligated to sentence him to life without parole and he is entitled to a sentencing hearing after which the court may sentence him to something less. The court finds the petition is without merit and has decided to rule upon it without waiting for a response from the State.[1]

### Background

Defendant was convicted of a 1996 home invasion murder in the first degree of Kenneth Warren and sentenced to death. In 2016 the Delaware Supreme Court in *Rauf v. State*[2] declared unconstitutional Delaware's statutory scheme for imposing the death penalty. A few months later the same court held in *Powell. v. State*[3] that its decision in *Rauf* must be retroactively applied to death sentences imposed before *Rauf* was announced. Following *Powell*, this court issued a Rule to Show Cause to the State directing it to show cause why Swan's death penalty should not be vacated and he be resentenced to life without parole. In response the State conceded that *Rauf* and *Powell* require that Swan's death sentence be vacated. This court has set Swan's resentencing for February 21.

Swan, through his counsel, has filed a motion seeking to be sentenced as a Class A felon, claiming he cannot be subjected to mandatory sentence of life without parole. He argues that the Delaware Supreme Court declared the death penalty unconstitutional in its entirety and therefore he cannot be sentenced under the portion of that statute which calls for a life sentence without parole in cases in which a sentence of death is not imposed. He also argues that a sentence of life without parole violates the Eighth and Fourteenth Amendment. His arguments are without merit.

### Analysis

A. *Rauf did not invalidate the portion of the statute calling for life without parole.*

 The analysis begins and ends with the obvious: the question of what sentence is to be imposed in lieu of the current death sentences has already been decided by the Supreme Court. In its conclusion in *Powell* the Court wrote "Powell's death sentence must be vacated and he must be sentenced to 'imprisonment for the remainder of his natural life without benefit of probation or parole or any other reduction.'"[4] Following *Powell* the Supreme Court has, on at least two occasions, remanded other cases in which a death sentence had been imposed with instructions to vacate that sentence and impose a sentence of life without parole. In *Phillips v. State*[5] it wrote that "[w]e agree that Otis's death sentence must be vacated and that he must be resentenced on the conviction of Murder in the First Degree to 'imprisonment for the remainder of his natural life without benefit of probation or parole or any other reduction.'" And in *State v. Reyes*[6] it directed that "[t]he Superior Court shall impose on each of the murder convictions a sentence of imprisonment for the remainder of Reyes' natural life without benefit of probation or parole or any other reduction,"

---

1. The State has previously taken the position that Swan must be sentenced to life without parole.

2. 145 A.3d 430 (Del. 2016),

3. 153 A.3d 69 (Del. 2016).

4. *Id.* at 76.

5. 154 A.3d 1130 (Del. 2017).

6. 155 A.3d 331 (Del. 2017).

The court can think of no meaningful distinction between *Powell, Phillips* and *Reyes* and the instant case; certainly Swan suggests none. The hierarchical nature of our judicial system demands that an inferior court such as this one faithfully adhere to the applicable precedents of an appellate court. Our system of laws would quickly plummet into chaos if trial courts felt free to ignore those precedents. Thus this court has no choice but to re-sentence Swan to life without parole.

Lest the language in this opinion about adherence to the Supreme Court's rulings be viewed as an implicit disagreement with the Supreme Court's rulings that a sentence of life without parole must be imposed, this court will indulge itself with its musings that Swan is incorrect when he asserts that the Supreme Court invalidated 11 *Del. C.* § 4209 in its entirety in *Rauf*. Section 4209 is a comprehensive statute governing punishment for murder in the first degree. It sets the penalty as either death or life without parole; limits the circumstances in which a sentence of death may be imposed; establishes substantive elements which must be proven as a requisite to the imposition of the death sentence; specifies the procedures to be employed in determining whether to impose the death sentence; and describes the evidentiary standard applicable to some of the determinations which go into this calculus. The *Rauf* court found some, but not all, of section 4209's provisions are unconstitutional.

The constitutional flaws in section 4209 found in *Rauf* are limited to some of the procedures required by the statute and the standard the trial judge was to employ when deciding whether to impose a sentence of death. Under the mechanism provided by section 4209, the jury was required to determine if one or more of the statutory aggravating factors had been proven beyond a reasonable doubt. If the jury found the existence of at least one statutory aggravating factor it was next required to weigh the aggravating factors (both statutory and non-statutory) against any mitigating factors and then make a recommendation to the trial judge whether the death penalty should be imposed. In turn the trial judge,

after considering the findings and recommendation of the jury and without hearing or reviewing any additional evidence, shall impose a sentence of death if the Court finds by a preponderance of the evidence, after weighing all relevant evidence in aggravation or mitigation which bears upon the particular circumstances or details of the commission of the offense and the character and propensities of the offender, that the aggravating circumstances found by the Court to exist outweigh the mitigating circumstances found by the Court to exist.

The statute was silent as to whether the jury could rely upon non-statutory aggravating factors which it did not unanimously find, nor did it require that the jury's recommendation be unanimous.

The *Rauf* court found the statutory scheme unconstitutional because at many points in the decision-making process it allowed for a less than unanimous decision or for a finding based on less than proof beyond a reasonable doubt. The Chief Justice summarized the point in his concurring opinion:

There is no circumstance in which it is more critical that a jury act with the historically required confidence than when it is determining whether a defendant should live or die. If, as a majority of us have concluded, the Sixth Amendment requires a jury to make all the necessary factual determinations relevant to a capital defendant's fate, there is no reason to depart from the long-

standing beyond a reasonable doubt standard when the jury is making the crucial fact-laden judgment of whether the defendant should be executed. Put simply, the Sixth Amendment right to a jury includes a right not to be executed unless a jury concludes unanimously that it has no reasonable doubt that is the appropriate sentence.[7]

The *Rauf* court found that "[b]ecause the respective roles of the judge and jury are so complicated under § 4209, we are not able to parse through it to preserve it."[8] Rather, according to the court, that task should be left to the General Assembly.

Swan argues that the Supreme Court found that section 4209 "cannot be severed" and therefore It is unconstitutional in its entirety. Thus, according to him, the provisions of section 4209 providing for a life sentence without parole fall with the rest of the un-severable statute and cannot provide the basis for substituting a life without parole sentence for the vacated death penalty. Swan reads *Rauf* much too broadly. The Supreme Court itself severed portions of section 4209 in *Powell* wherein it directed that "Powell's death sentence must be vacated and he must be sentenced to 'imprisonment for the remainder of his natural life without benefit of probation or parole or any other reduction.' "[9] It cited 11 *Del. C.* § 4209(d)(2) for the proposition that Powell should be sentenced to life without parole.

Swan's argument that section 4209 cannot (or should not) be severed runs afoul of a basic principle of statutory construction. The General Assembly has mandated that, whenever possible, courts must sever invalid provisions of the Delaware Code and give effect to the valid portions which remain:

> If any provision of this Code or amendments hereto, or the application thereof to any person, thing or circumstances is held invalid, such invalidity shall not affect the provisions or application of this Code or such amendments that can be given effect without the invalid provisions or application, and to this end the provisions of this Code and such amendments are declared to be severable.[10]

There is no reason why the court cannot give effect to the portions of section 4209 which require imposition of a sentence of life without parole in murder first degree cases if the death penalty is not imposed. That section unequivocally requires that the penalty for murder in the first degree must be life without parole in such cases:

- Section 4209(a) provides that any adult convicted of murder in the first degree "shall be punished by death or by imprisonment for the remainder of the person's natural life without benefit of probation or parole or any other reduction,"

- Section 4209(d)(2) provides that if the death penalty is not imposed "the Court shall impose a sentence of imprisonment for the remainder of the defendant's natural life without benefit of probation or parole or any other reduction."

Swan does not explain how these provisions are dependent upon, or relate to, the portions of the statute found to be unconstitutional. As discussed earlier, those constitutional infirmities are imbedded in the portions of section 4209 which permitted the jury to rely upon aggravating factors which it may not have unanimously found

---

**7.** 145 A.3d at 481–82.

**8.** *Id.* at 434.

**9.** 153 A.3d 69, 76 (Del. 2016).

**10.** 1 *Del. C.* § 308.

or rely upon factors it may not have found beyond a reasonable doubt. The section also allows trial judges to impose death sentences on the basis of weighing of the aggravating and mitigating circumstances on the basis of a preponderance-of-the-evidence standard. None of this, however, touches upon the portion of the statute that requires the imposition of sentence of life without parole in the event the death penalty is not imposed.

In short, this court is obligated to follow the holding in *Powell* which it finds controlling here. But even if the court were writing on a clean slate, it would still find that Swan must be sentenced to life without parole.

### B. Life Without Parole does not violate the Eighth Amendment or the Due Process Clause.

■ Swan argues, without citation to authority, that imposition of a sentence of life without parole violates his right to be free from cruel and unusual punishment. Suffice it to say that there is a long line of judicial opinions holding that a sentence of life without parole does not violate the Eighth Amendment. Perhaps most notable of these is the United States Supreme Court held in *Harmelin v. Michigan*[11] wherein it held that a sentence of life without parole was not unconstitutional when imposed for possession of 650 grams or more of cocaine. He asserts that a life without parole sentence could result "upon a mere finding that the killing was intentional" and apparently suggests it violates the Eighth Amendment. But courts have upheld the constitutionality of life without parole for crimes far less odious than a "mere finding the killing was intentional." For example the Third Circuit held in 2012 that a life without parole sentence was not unconstitutional when the defendant was convicted of 19 counts of wholesale distribution of drugs.[12] To support his theory Swan engages in a truncated statutory survey and concludes that Delaware would be an outlier if it imposed mandatory life without parole sentences for first degree murder convictions. He argues "[r]are usage indicates societal rejection of mandatorily imposing this extreme penalty, rendering it cruel and unusual under the Eighth Amendment." Contrary to his contention, provisions for mandatory life sentences abound. Indeed, the United States Code provides for them in certain instances.[13]

Swan lastly argues in a single paragraph that the substitution of life without parole for his death sentence deprives him of due process. Once again he cites to no authority. Rather his entire argument is based on the unsupported supposition that if he "had been on notice that a sentence of life without parole would be the only—indeed, the mandatory—sentence upon conviction of first-degree murder, trial strategy would surely have been different."

Wherefore, Defendant's application to be sentenced as a Class A felon is **DENIED.**

---

11. 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991).

12. *United States v. Martorano*, 697 F.3d 216 (3rd Cir. 2012).

13. *E.g.*, 28 U.S.C. § 3359.