IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,          )
                           )
     v.                     )     ID. No. 9506017661
                           )
HECTOR BARROW,              )
                 Defendant. )


Submitted: July 15, 2024
Decided: August 7, 2024


*Upon Defendant Hector Barrow's Motion to Correct Illegal Sentence,*
**DENIED**.

## **ORDER**


Andrew Vella, Esquire, Chief of Appeals, DEPARTMENT OF JUSTICE, 820 North French Street, Wilmington, DE 19801, Attorney for State of Delaware.

Hector Barrow, James T. Vaughn Correctional Center, 1181 Paddock Road, Smyrna, DE, *pro se,*


**WHARTON, J.**

Upon consideration of Defendant Hector Barrow's Motion to Correct Illegal Sentence, and the record below in this matter, it appears to the Court that:

(1) On June 25, 1995, Hector Barrow ("Barrow") and two accomplices – Jermaine Barnett ("Barnett") and Lawrence Johnson ("Johnson") – shot and killed gun shop owner Thomas Smith during the commission of a robbery.[1] A Superior Court jury found Barrow and co-defendant Barnett guilty of three counts of first degree murder – one count of intentional murder, and two separate counts of felony murder - and other charges.[2] Barrow and Barnett were sentenced to death.[3] On direct appeal, the Delaware Supreme Court reversed each defendant's intentional murder conviction and death sentence, but affirmed their felony murder convictions.[4] It remanded the case to this Court for a new trial on the intentional murder charges at the State's option and new penalty hearings.[5] On remand the State elected not to proceed on the intentional murder charges and to proceed solely with the penalty hearings.[6] After the second penalty hearing, this Court sentenced both Barrow and Barnett to life imprisonment.[7] Barrow did not appeal that sentence.[8]

---

[1] *Barrow v. State*, 749 A.2d 1239, 1234 (Del. 2000).
[2] *Id.* at 1237. Johnson was tried separately.
[3] *Id.*
[4] *Id.* at 1250.
[5] *Id.*
[6] *Barrow v. State,* 2015 WL 71638 (Del. Jan. 5, 2015).
[7] *Id.*
[8] *Id.*

(2)     Since January 27, 2005, this Court has denied all three of Barrow's postconviction relief motions.[9]  Barrow likewise was unsuccessful in each of his three appeals of those denials to the Delaware Supreme Court.[10]  None of the issues he raised on postconviction relief is germane to the issue he raises in this motion.[11]

(3)     On July 15, 2024, Barrow moved to correct an illegal sentence under Superior Court Criminal Rule 35(a).[12]  Barrow argues that the Delaware Supreme Court's decision in *Rauf v. State*[13] determined that 11 *Del. C.* § 4209, the statute under which he received his sentence of life imprisonment, was unconstitutional and its sentencing provisions were not severable.[14]  As a result, he concludes that his sentence pursuant to § 4209 is a sentence the judgment of conviction did not authorize.[15]  Instead, he should be sentenced under 11 *Del. C.* § 4205 which specifies a range of punishment for class A felonies of between 15 years and life imprisonment.[16]

(4)     Pursuant to Criminal Rule 35(a), the Court may correct an illegal sentence at any time.[17]  A sentence is illegal if it violates double jeopardy, is

---

[9] *Id.*
[10] *Id.*
[11] *Id*.
[12] Def's. Mot. to Correct Illegal Sent. D.I. 289.
[13] 145 A.3d 430 (Del. 2016).
[14] Def.'s Mot. to Correct Illegal Sent., D.I. 289.
[15] *Id.*
[16] *Id*.
[17] Super. Ct. Crim. R. 35(a).

ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence that the judgment of conviction did not authorize.[18]

(5) In *Rauf,* the Delaware Supreme Court answered five questions certified to it by this Court addressing whether Delaware's capital sentencing procedure violated a defendant's Sixth Amendment right to trial by jury.[19] In sum, the Court held in answering Questions One through Four that a jury, and not a judge, must unanimously and beyond a reasonable doubt find the existence of any aggravating circumstance, statutory or non-statutory, alleged by the State and that the aggravating circumstances outweigh the mitigating circumstances.[20]

(6) Question Five deals with severability. It reads:

> If any procedure in 11 *Del. C.* § 4209's capital sentencing scheme does not comport with federal constitutional standards, can the provision for such be severed from the remainder of 11 *Del. C.* § 4209, and the Court proceed with instructions to the jury that comport with federal constitutional standards?[21]

The Court answered:

> No. Because the respective roles of the judge and the jury are so complicated that under § 4209, we are unable to

---

[18] *Brittingham v. State,* 705 A.2d 577, 578 (Del. 1998).
[19] *Rauf,* 145 A.3d at 433-34.
[20] *Id.*
[21] *Id.* at 434.

discern a method by which to parse the statute so as to preserve it. Because we see no way to sever § 4209, the decision whether to reinstate the death penalty – if our ruling ultimately becomes final – and under what procedures, should be left to the General Assembly.[22]

In *Powell v. State,* the Delaware Supreme Court made *Rauf* retroactive.[23]

(7) The first degree murder statute, 11 *Del. C.* § 636, which includes intentional murder and felony murder, provides that first degree murder is a class A felony and shall be punished "as provided in § 4209" for offenses committed by adults.[24] Under § 4209, a person convicted of first-degree murder "shall be punished by death or by imprisonment for the remainder of the person's natural life without the benefit of probation or parole or any other reduction."[25] Barrow understands the Supreme Court's answer to the severability question in *Rauf* to mean that the portion of § 4209 mandating a sentence of life without parole as the alternative to a death sentence is unconstitutional as well. But, Barrow misapprehends the context in which Question Five was asked and answered. That context was whether the death penalty option could remain if the unconstitutional provisions of § 4209 related to the death penalty were severed from the statute. The Supreme Court found it could not and removed the death penalty as a sentencing option. The Court said nothing

---

[22] *Id.*
[23] 153 A.3d 69, 76 (Del. 2016).
[24] 11 *Del. C.* § 636.
[25] 11 *Del. C.* § 4209(a).

5

about, and, indeed, none of the certified questions addressed, the constitutionality of the natural life sentencing provision.

(8) The issue Barrow presents is not new. Others similarly situated to him have raised it both in this Court and the Delaware Supreme Court. It has always and everywhere failed to persuade. In *Zebroski v. State,* [26] the Delaware Supreme Court definitively resolved the exact issue Barrow raises now. After *Rauf* and *Powell,* Zebrowski's death sentence was vacated and he was sentenced to a mandatory term of life without parole.[27] Appealing that sentence, he contended that *Rauf* invalidated not just Delaware's capital sentencing procedure, but all of § 4209, including its alternative life without parole sentence.[28] Just as Barrow argues here, Zebrowski argued that he should be sentence under § 4205 to a term of between 15 years and life – the prescribed punishment for class A felonies - because the life without parole sentence is not severable from the rest of § 4209.[29] The Court held, "*Rauf* did not, as Zebroski believes, invalidate the entirety of section 4209, and, as we said in *Powell,* the statute's life-without parole alternative is the correct sentence to impose on a defendant whose death sentence is vacated."[30] Barrow's argument has been

---

[26] 179 A.3d 855 (Del. Super. Ct. 2018).
[27] *Id.* at 857.
[28] *Id.*
[29] *Id.*
[30] *Id.*

rejected every time it has been raised.[31]  The Court rejects it again now.

THEREFORE, Defendant Hector Barrow's Motion to Correct an Illegal Sentence is **DENIED.**

**IT IS SO ORDERED,**

<u>/s/ Ferris W. Wharton</u>
Ferris W. Wharton, J.

---

[31] *See, Riley v. State,* 2019 WL 3956411*,* at *2 (Del. Aug. 21, 2019); *Manley v. State,* 2018 WL 6434791, at *1 (Del. Dec. 6, 2018) ("As we have now held many times, *Rauf* did not strike down the entirety of the first degree murder statute – it struck down only the death penalty portion – and the proper sentence for a defendant convicted of first-degree murder is 'imprisonment for the remainder of his natural life without benefit of probation or parole or any other reduction'"); *Cabrera v. State,* 2018 WL 4847147, at *1 ( Del. Oct. 4, 2018);  *Ploof v. State,* 2018 WL 4610767, at *1-2 (Del. Sept. 18, 2018);  *Kane v. State,* 2018 WL 1341710, at *1 (Del. Mar. 14, 2018); *Taylor v. State,* 2018 WL 1212021, at *1 (Del. Mar. 7, 2018); *State v. Manley,* 20189 WL 1110420 (Del. Super. Ct. Feb. 28, 2018); *Cooke v. State,* 2018 WL 1020106, at *1 (Del. Feb. 21, 2018); *Taylor v. State,* 2018 WL 655727, at *3 (Del. Jan. 31, 2018); *Norcross v. State,* 2018 WL 266826, at *1 n.3 (Del. Jan. 2, 2018) ("The answer to Question Five in the *per curium* opinion in *Rauf* applied to severability of the procedures leading to the death penalty.  It had no effect upon 11 Del. C. § 4209(d)(2)."); *State v. Swan*, 178 A.3d 455, 456-59 (Del. Super. Ct. 2017).