**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4749**

_____

UNITED STATES OF AMERICA,

           Plaintiff – Appellee,

    v.

ANTWAUN ANTHONY AUSTIN,

           Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge. (1:11-cr-00237-RDB-1)

_____

Submitted: September 30, 2014      Decided: October 10, 2014

_____

Before NIEMEYER and MOTZ, Circuit Judges, and DAVIS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Nicholas J. Vitek, VITEK LAW LLC, Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Evan T. Shea, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Antwaun Anthony Austin of conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846 (2012), and possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a) (2012). The district court sentenced Austin to twenty-four months of imprisonment, and he now appeals. For the reasons that follow, we affirm.

On appeal, Austin challenges the district court's denial of his motion to suppress text messages discovered on his cell phones pursuant to a search warrant that police obtained after seizing his cell phones. "We review the factual findings underlying a motion to suppress for clear error and the district court's legal determinations de novo." United States v. Davis, 690 F.3d 226, 233 (4th Cir. 2012). We conclude that the district court did not err in ruling that the officers lawfully seized Austin's cell phones. See, e.g., United States v. Brown, 701 F.3d 120 (4th Cir. 2012).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

2