**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 16-4336**

---

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

MICHAEL SCOTT MILLER,

                    Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:15-cr-00368-CCE-1)

---

Submitted:  January 19, 2017          Decided:  February 24, 2017

---

Before TRAXLER, WYNN, and DIAZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Louis C. Allen, Federal Public Defender, John A. Duberstein, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Frank J. Chut, Jr., Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Scott Miller pleaded guilty to making a false statement to a bank employee in negotiating a counterfeit check, in violation of 18 U.S.C. § 1014 (2012); aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (2012); production of counterfeit currency, in violation of 18 U.S.C. § 471 (2012); and possession with intent to use and transfer unlawfully false identification, in violation of 18 U.S.C. § 1028(a)(3) (2012), conditioned on his right to appeal the district court's denial of his suppression motion. The district court sentenced Miller to 75 months of imprisonment and he now appeals. Finding no error, we affirm.

Miller challenges the district court's denial of his suppression motion. "We review the factual findings underlying a motion to suppress for clear error and the district court's legal determinations de novo." United States v. Davis, 690 F.3d 226, 233 (4th Cir. 2012). When the district court has denied a defendant's suppression motion, we construe the evidence in the light most favorable to the government. Id.

Here, officers were called to a motel after a motel employee observed stacks of what appeared to be uncut counterfeit currency through the window of Miller's motel room; upon arrival, the officers were able to see the currency as well. One of the officers knocked on the door and announced his

2

presence, after which the curtain was closed and the officers heard mumbling and rustling in the room. An officer then entered the room to secure it, while the other officer left to obtain a search warrant. In denying Miller's suppression motion, the district court determined that the need to prevent destruction of evidence justified the officer's warrantless entry.

The Fourth Amendment generally bars police from entering a home without a warrant. See Kentucky v. King, 563 U.S. 452, 460 (2011). The expectation of privacy enjoyed by occupants of a home extends to guests of hotel or motel rooms. See United States v. Stevenson, 396 F.3d 538, 546 (4th Cir. 2005). Warrantless entry into a home or motel room is permitted, however, when exigent circumstances exist, including the need to prevent the imminent destruction of evidence. See United States v. Taylor, 624 F.3d 626, 631 (4th Cir. 2010). Thus, "where police officers (1) have probable cause to believe that evidence of illegal activity is present, and (2) reasonably believe that evidence may be destroyed or removed before they could obtain a warrant," they may enter without a warrant. United States v. Moses, 540 F.3d 263, 269 (4th Cir. 2008) (internal quotation marks omitted).

In determining whether exigent circumstances exist to support a warrantless entry, a court should consider:

> 1) the degree of urgency involved and the amount of time necessary to obtain a warrant; (2) the officers' reasonable belief that the contraband is about to be removed or destroyed; (3) the possibility of danger to police guarding the site; (4) information indicating the possessors of the contraband are aware that the police are on their trail; and (5) the ready destructibility of the contraband.

United States v. Yengel, 711 F.3d 392, 397 (4th Cir. 2013). The inquiry focuses on the officers' reasonable belief, and the police need not produce concrete proof that evidence is in danger of being destroyed. Moses, 540 F.3d at 270. Courts making this determination "should not engage in unreasonable second-guessing of the officers' assessment of the circumstances that they faced." Figg v. Schroeder, 312 F.3d 625, 639 (4th Cir. 2002) (internal quotation marks omitted).

Here, the officers had probable cause to believe that the motel room contained evidence of illegal activity based on their observation of the counterfeit currency through the open curtain. When they knocked on the door to the room, someone closed the curtain, cutting off their view of that evidence, and rustling and mumbling could be heard. At that point, officers knew that there was at least one person in the room and that he was now aware the police were "on his trail." See Yengel, 711 F.3d at 397. And because the officers could no longer see the currency through the window and heard movement in the room, they

4

had an objectively reasonable belief that the currency could be destroyed before they could secure a warrant.

Miller also argues that if exigent circumstances existed, the officers manufactured the exigency by knocking and announcing their presence. Police may not rely on the exigent circumstances exception to the warrant requirement if they have created or manufactured the exigency. King, 563 U.S. at 461. However, where "the police did not create the exigency by engaging or threatening to engage in conduct that violates the Fourth Amendment, warrantless entry to prevent the destruction of evidence is reasonable and thus allowed." Id. at 462. There is no police-created exigency "[w]hen law enforcement officers who are not armed with a warrant knock on a door." Id. at 469.

Here, the officers did no more than knock on the door and announce their presence. This was not an actual or threatened violation of the Fourth Amendment. See United States v. Brown, 701 F.3d 120, 126 (4th Cir. 2012) (citing King and noting that when police announce their presence, creating immediate fear of detection by defendant, police may still act reasonably to prevent destruction of evidence). We conclude, therefore, that the police did not create the exigency.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED