**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-4069**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEMADRA TRAVEON GRAHAM,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, Senior District Judge.  (1:24-cr-00059-LCB-1)

_____

Submitted:  September 4, 2025                    Decided:  September 17, 2025

_____

Before HEYTENS, Circuit Judge, and TRAXLER and KEENAN, Senior Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Louis C. Allen, III, Federal Public Defender, Stacey D. Rubain, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Clifton T. Barrett, United States Attorney, Michael A. DeFranco, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Demadra Traveon Graham appeals his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1); 924(a)(8).  He contends that the district court erred in denying his motion to suppress evidence recovered during an encounter with two private security guards.[*]  We affirm.

When reviewing the denial of a motion to suppress, "we assess the district court's legal determinations de novo." *United States v. Brown*, 701 F.3d 120, 125 (4th Cir. 2012). And where, as here, the district court denies a suppression motion without making factual findings, "the result will be upheld on appeal if any reasonable view of the evidence, looked at in the light most favorable to the government, will sustain the denial." *United States v. Bethea*, 598 F.2d 331, 333-34 (4th Cir. 1979); *accord Brown*, 701 F.3d at 124-25.

"The Fourth Amendment protects against unreasonable searches and seizures by Government officials and those private individuals acting as instruments or agents of the Government." *United States v. Jarrett*, 338 F.3d 339, 344 (4th Cir. 2003) (cleaned up).  To establish the existence of an agency relationship, the defendant bears the burden of showing

---

[*] Graham also moved, unsuccessfully, to dismiss the indictment, raising both facial and as-applied Second Amendment challenges based on *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 17 (2022) (holding that a firearm regulation is valid under the Second Amendment only if it "is consistent with this Nation's historical tradition of firearm regulation").  Though Graham renews his *Bruen* claims on appeal, he correctly concedes that these claims are foreclosed by *United States v. Canada*, 123 F.4th 159, 161 (4th Cir. 2024) (holding that "Section 922(g)(1) is facially constitutional because it has a plainly legitimate sweep and may constitutionally be applied in at least some set of circumstances" (cleaned up)), and *United States v. Hunt*, 123 F.4th 697, 702 (4th Cir. 2024) (reaffirming this court's pre-*Bruen* "precedent foreclosing as-applied challenges to Section 922(g)(1)"), *cert. denied*, No. 24-6818, 2025 WL 1549804 (U.S. June 2, 2025).

that (1) "the Government knew of and acquiesced in the private individual's challenged conduct," and (2) "the private individual intended to assist law enforcement or had some other independent motivation." *United States v. Day*, 591 F.3d 679, 683 (4th Cir. 2010) (internal quotation marks omitted); *see id.* at 683, 686-87 (discussing defendant's burden). For the first factor, "mere knowledge and passive acquiescence by the Government" is not enough. *Id.* at 685 (internal quotation marks omitted). Rather, the defendant must identify "some evidence of Government participation in or affirmative encouragement of" the private conduct for which he seeks to hold the Government accountable. *Id.* (internal quotation marks omitted).

Two private security guards handcuffed and detained Graham after seeing him in possession of a handgun at a motel in Greensboro, North Carolina. Kyle Willard, a Greensboro police officer, responded to the scene, where one of the security guards advised that they had recovered a firearm from Graham, that Graham did not have a permit to carry a concealed weapon, and that Graham had admitted being a convicted felon. With Graham still in the guards' handcuffs, Willard returned to his vehicle and confirmed Graham's felony status. Aided by another police officer, Willard then removed the guards' handcuffs, placed Graham in police-issued handcuffs, and took Graham into custody on firearm charges.

Graham argues that, through statutes and regulations, North Carolina has encouraged or participated in the actions of private security guards. As Graham notes, North Carolina permits security guards, as well as any other private person, to detain suspects for certain offenses, *see* N.C. Gen. Stat. § 15A-404(b), though they cannot make

3

an arrest, *see* N.C. Gen. Stat. § 15A-404(a), unless a law enforcement officer requests that they do so, N.C. Gen. Stat. § 15A-405(a). North Carolina also regulates security guards' uniforms and equipment. *See* 14B N.C. Admin. Code 16.0104. From this, Graham reasons that North Carolina enabled and approved of the search and seizure that led to his arrest and conviction.

We disagree. In *Day*, this court considered a markedly similar situation involving armed security guards in Virginia. 591 F.3d at 681. There, Virginia not only regulated private security guards, but also empowered them to make arrests for certain offenses. *Id.* at 684. Nevertheless, this court held that Virginia's regulatory scheme did not amount to participation in or encouragement of the actions taken by private security guards. *Id.* at 685-86. In other words, providing the guards with statutory authority to arrest was, without more, insufficient to impute the guards' actions to the Government. *Id.* Given that North Carolina security guards have less power than their Virginia counterparts—at least as far as arrests are concerned—we cannot conclude that North Carolina has participated in or encouraged the actions of private security guards solely by virtue of its regulatory scheme.

Graham also points to Willard's actions on the night of the incident, claiming that Willard authorized the security guards to continue detaining Graham while Willard investigated Graham's felony status. But Willard did not ask for the guards' assistance, nor did he give them directions. In our view, Graham has identified nothing more than Willard's passive acquiescence in the security guards' conduct, which is insufficient to establish that Willard participated in or encouraged the search and seizure that Graham claims was unlawful. *See Day*, 591 F.3d at 685.

4

5

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*